UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR22-0061JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WILMER A. TREJO-GAMEZ, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is *pro se* Defendant Wilmer A. Trejo-Gamez's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and (1) the retroactive "zero-point offender" provision of Amendment 821 to the United States Sentencing Guidelines (the "Guidelines") and (2) the "new Safety-Valve" amendment.  (Mot. (Dkt. # 48).)  Plaintiff the United States of America (the "Government") opposes the motion.  (Resp. (Dkt. # 51).)  The court has considered the motion, the parties' submissions, the

relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Trejo-Gamez's motion.

## II.     BACKGROUND

In November 2022, Mr. Trejo-Gamez pleaded guilty to four counts of Distribution of a Controlled Substance.  (*See* PSR (Dkt. # 41 (sealed)) ¶ 2.)  These charges were based on Mr. Trejo-Gamez's sale of controlled substances to a confidential source on four separate occasions.  (*Id.* ¶¶ 8-9.)  In the fourth transaction, Mr. Trejo-Gamez also sold two guns to the confidential source.  (*Id.* ¶ 9.)  Shortly thereafter, Mr. Trejo-Gamez arranged to sell an additional 10,000 fentanyl pills and two rifles to the source, but that transaction did not take place.  (*Id.* ¶ 10.)  As part of the plea agreement, the parties stipulated to a base offense level of 30, a two-level upward adjustment for possession of a firearm in connection with the offense, and a three-level downward adjustment for acceptance of responsibility.  (*See* Plea Agr. (Dkt. # 37) ¶ 10.)

United States Probation and Pretrial Services ("Probation"), applying the 2021 version of the Guidelines, calculated Mr. Trejo-Gamez's total offense level as 29 in accordance with the stipulations in the plea agreement.  (*See* PSR ¶¶ 17-25.)  Because Mr. Trejo-Gamez had zero criminal history points, Probation calculated his criminal history category as I.  (*Id.* ¶ 29.)  As a result, Probation determined that the Guidelines sentencing range for Mr. Trejo-Gamez's offenses was 87 to 108 months.  (*Id.* ¶ 55.)

At sentencing on March 9, 2023, the court adopted the presentence investigation report without change.  (*See* SOR (Dkt. # 52 (sealed)) at 1.)  The court found Mr. Trejo-Gamez's uncharged conduct, including the sale of firearms and the quantity of

illegal drugs involved, to be aggravating factors. (*Id.* at 3.) It found Mr. Trejo-Gamez's difficult childhood, which included abuse and neglect, to be a mitigating circumstance. (*Id.*) The court imposed a below-Guidelines sentence of 72 months in custody, followed by four years of supervised release. (*Id.* at 4; *see also* Judgment (Dkt. # 47) at 2.) Mr. Trejo-Gamez's projected release date is in May 2027. (*See* Resp. at 2.)

### III. ANALYSIS

Mr. Trejo-Gamez argues that he is entitled to a reduction in sentence under Amendment 821, Part B, which provides for a reduction in sentence for certain "zero-point" offenders, and "the new Safety-Valve" amendment. (*See generally* Mot.) The court concludes that neither entitles Mr. Trejo-Gamez to a reduction in his sentence.

**A.    Zero-Point Offender**

Mr. Trejo-Gamez seeks a reduction in sentence under the "zero-point offender" amendment to the Guidelines. (*See* Mot. at 1.) Section 4C1.1(a) of the 2023 Guidelines sets out ten criteria that a defendant must satisfy in order to qualify for a zero-point offender reduction. *See* U.S.S.G. §§ 4C1.1(a)(1)-(10). Here, because Mr. Trejo-Gamez admitted that he sold 100 fentanyl pills and two handguns in the fourth charged transaction, he does not meet the requirement that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." (*See* Plea Agr. ¶ 9.c); U.S.S.G. § 4C1.1(a)(7). As a result, he is ineligible for a zero-point offender adjustment to his sentence.

**B.  "Safety Valve"**

Mr. Trejo-Gamez also seeks a reduction in sentence pursuant to "the new Safety-Valve" amendment. (Mot. at 1.) As the Government points out, however, "there is no retroactively applicable Safety-Valve amendment that would authorize the [c]ourt to reduce [Mr.] Trejo-Gamez' sentence." (Resp. at 6 (citing U.S.S.G. § 5C1.2).) Mr. Trejo-Gamez was not eligible for the Safety-Valve adjustment when he was sentenced because he "possess[ed] a firearm or other dangerous weapon . . . in connection with the offense" by selling firearms along with controlled substances. U.S.S.G. § 5C1.2(a)(2) (2021 ed.) This requirement was not amended in the 2023 edition of the Guidelines. *See* U.S.S.G. § 5C1.2(a)(2) (2023 ed.) Thus, the court is without authority to adjust Mr. Trejo-Gamez's sentence based on a purported "new Safety-Valve" amendment.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Trejo-Gamez's motion for a reduction in his sentence (Dkt. # 48).

Dated this 10th day of May, 2024.

JAMES L. ROBART
United States District Judge